Davis, C. J. .
The circuit court reversed the judgment of the court of common pleas, upon the ground that the court of common pleas erred in charging the jury that the burden of proving contributory negligence of the plaintiff rested upon *74 the defendant; and it expressly found that there were no other errors apparent upon the record. It is argued that in the pleadings there is no issue of contributory negligence, and that, therefore, such instruction was uncalled for, erroneous and prejudicial to the defendant.
The rule as to the burden of proof was stated correctly; and if there was any phase of the case, either upon the pleadings or the evidence, in which contributory negligence of the plaintiff might become important, it was not erroneous, and could not be prejudicial to the defendant, to charge the law correctly upon that subject.
The defendant may set forth in his answer as many defenses as he may have, provided that they are so far consistent that they may be verified by oath without swearing falsely. In this case, the defendant for its first defense denied wholly the plaintiff’s cause of action; and for its second defense denied that it was negligent and averred that plaintiff’s injury occurred by his own fault and negligence. In this respect there is a strongly marked distinction between the case at bar and the cases cited by the defendant, Cincinnati Traction Co. v. Forrest, 73 Ohio St., 1, and Cincinnati Traction Co. v. Stephens, 75 Ohio St., 171. In each of those cases the only defense was a general denial.
It is true, however, that the second defense in this answer does not raise the issue of contributory negligence. In substance it avers that the plaintiff’s injury resulted solely from his own carelessness. But it must not be forgotten that there were two sharply defined issues in the pleadings, *75 upon the plaintiffs allegation that the defendant was negligent and upon the defendant’s averment that the plaintiff was the sole author of his own injury. The record discloses testimony tending to support the affirmative of both of these issues. Hence, the learned trial court, in submitting the case to the jury, very properly reminded them, that if they found that the defendant was not guilty of the negligence charged, they need go no further than to return a verdict for the defendant.
But in that connection it was necessary to consider another possibility. Therefore the court instructed the jury, that if they should find from the evidence that the defendant was negligent and that such negligence was the proximate cause of the injury; and if they should also find from the evidence that the plaintiff was negligent, then it would be necessary to determine whether the plaintiff was guilty of such negligence as, combined with the negligence of the defendant, contributed proximately to the injury complained of. We think that this was proper, inasmuch as evidence was before the jury tending to show negligence on the part of the plaintiff; and if the jury should find from the evidence that both the plaintiff and the defendant were negligent, the defendant’s liability would necessarily depend on the question whether the plaintiff’s negligence combined with that of the defendant and contributed directly to the injury. Then it naturally and necessarily followed that the court should say to the jury that, “the burden of proving contributory negligence of the plaintiff is upon the defendant/’ We áre of *76 the opinion that there was no error in this, prejudicial to the defendant, for which the judgment against the defendant should have been reversed.
The judgment of the circuit court is reversed and that of the common pleas is affirmed.
Spear, Shauck, Johnson and Donahue, JJ., concur.